**E-FILED**
Thursday, 05 January, 2017  10:56:23 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| PAULA J. NEATHERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Jury Trial Demanded |
| MOULTRIE COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, PAULA J. NEATHERY, by and through her attorney, Nina R. Gougis of Angela Evans Law, and as and for her Complaint and Demand for Jury Trial, states as follows:

## JURISDICTION

1.      This action is brought pursuant to the *Rehabilitation Act of 1973*, as amended, 29 U.S.C. §§ 701, *et seq.*, 794 ("Rehabilitation Act"), and the *Family Medical Leave Act*, 29 U.S. Code § 2601, *et seq.* ("FMLA").

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper pursuant to 28 U.S.C. §1391(b). The Central District of Illinois is the proper venue for this action because the events giving rise to this lawsuit occurred herein.

## PARTIES

3.      Plaintiff, PAULA J. NEATHERY (herein NEATHERY) is a citizen of the United States and the State of Illinois. At all material times herein, NEATHERY has resided in the Central District of Illinois. NEATHERY was formerly employed as a deputy clerk for the Office of the

1

Circuit Clerk in Moultrie County. NEATHERY's employment with the County was terminated on January 6, 2016.

4.      Defendant MOULTRIE COUNTY, State of Illinois (herein the COUNTY) is a politic body and corporation and instrument of local government with approximately 100 employees. The COUNTY is a "program […] receiving federal financial assistance," under 29 U.S.C. § 794.

### STATEMENT OF FACTS

5.      NEATHERY began working for Defendant as a deputy clerk in the COUNTY's Circuit Clerk office in October of 2013.

6.      As a deputy clerk, NEATHERY was charged with the following duties: maintaining court files; receiving and processing payments for fines; receiving, processing and disbursing child support payments; initiating court cases and other clerical duties.

7.      Cynthia Braden (herein Braden) is the Circuit Clerk for the COUNTY. At all times material herein, Braden was NEATHERY's direct supervisor.

8.      On or around September 3, 2015, NEATHERY was diagnosed on with the following conditions: Bell's Palsy, double vision, esotropia, vestibular dysfunction, disorder of multiple cranial nerves, brain inflammation headache disorder and anxiety. Due to the above conditions, NEATHERY was substantially limited in the following major life activities: (1) standing; (2) seeing; (3) bending; (4) lifting; (5) concentrating; (6) performing manual tasks; and (8) operation of neurological functions. As such, NEATHERY suffers from a disability, as defined under the *Rehabilitation Act*.

9.      The conditions noted in paragraph 8 above also constitute serous health conditions under the FMLA.

10.     At all times relevant herein, NEATHERY has been an otherwise qualified individual with a disability in that she meets the legitimate skill, experience, education and other requirements for the deputy clerk position and was able to perform the essential functions of the position with reasonable accommodation. During her employment with the COUNTY, NEATHERY exhibited exemplary work performance. No performance concerns or disciplinary incidents were communicated to or received by NEATHERY during her employment with the COUNTY.

11.     At all times relevant herein, Braden and the COUNTY were aware of NEATHERY's disability.

12.     Following the diagnoses, NEATHERY informed the COUNTY of the need for FMLA leave for the above-referenced serious health conditions. She went on FMLA leave from September 14, 2015 through December 7, 2015.

13.     Prior to the termination of her FMLA leave, NEATHERY submitted a request for unpaid leave along with a physician report indicating her inability to return to work. Braden then granted NEATHERY's request for unpaid leave to January 4, 2016 (an additional four weeks).

14.     On January 4, 2016, NEATHERY's physician again indicated to Braden that NEATHERY would be unable to return to work and that NEATHERY would be evaluated again on February 8, 2016. As such, the request was made for an additional unpaid leave of absence up to and through the February 8, 2016 evaluation.

15.     Section 6.8 (pp. 31-32) of the Moultrie County Employee Handbook provides for general leaves of absence to be granted to employees for up to 12 workweeks. The relevant provision of the Employee Handbook is attached hereto as Exhibit A.

16.     NEATHERY's request for additional unpaid leave of absence constituted a reasonable accommodation under the *Rehabilitation Act*, as demonstrated, in part, that the COUNTY's Employee Handbook allows for up to 12 workweeks of general unpaid leave to be granted after the exhaustion of FMLA leave. Furthermore, requests for general unpaid leave of more than four workweeks (and up to 12 workweeks) are frequently granted to non-disabled employees for a variety of reasons.

17.     Braden denied NEATHERY's request for continued unpaid leave of absence. NEATHERY's employment with the COUNTY was terminated on January 6, 2016.

18.     By denying her request for continued unpaid leave, Braden and the COUNTY failed to reasonably accommodate NEATHERY's disability.

19.     Since Braden is a supervisor/manager whose actions resulted in adverse employment actions taken against NEATHERY, the COUNTY is strictly liable for the above discrimination and retaliation.

20.     At the very least, for the reasons noted above, the COUNTY has been well aware of (or should have been aware of) Braden's discriminatory and retaliatory conduct against NEATHERY and the COUNTY failed to remedy such discrimination and retaliation. As such, the COUNTY is liable for Braden's actions due to its own negligence.

21.     The above-described discriminatory and retaliatory conduct by Braden was committed intentionally while Braden was acting within the scope of her employment.

## COUNT I
### DISABILTY DISCRIMINATION - TERMINATION
### REHABILITATION ACT OF 1973, AS AMENDED, 29 U.S.C. § 794

22.     The foregoing paragraphs are re-alleged and incorporated herein by reference.

23.     As demonstrated above, NEATHERY was discriminated against solely because of her disability.

24.     The above conduct as alleged constitutes disability discrimination in violation of the *Rehabilitation Act of 1973*, as amended, 29 U.S.C. § 794.

**COUNT II**
**DISABILTY DISCRIMINATION – FAILURE TO ACCOMODATE**
**REHABILITATION ACT OF 1973, AS AMENDED, 29 U.S.C. § 794**

25.     The foregoing paragraphs are re-alleged and incorporated herein by reference.

26.     The above conduct as alleged constitutes disability discrimination – failure to accommodate, in violation of the *Rehabilitation Act of 1973*, as amended, 29 U.S.C. § 794.

**COUNT III**

**RETALIATION**
**FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *ET SEQ.***

27.     The foregoing paragraphs are re-alleged and incorporated herein by reference.

28.     NEATHERY's protected conduct (*i.e.*, taking FMLA leave) was a substantial and motivating factor in her denial for continued unpaid leave of absence and subsequent termination.

29.     The above conduct as alleged unlawful retaliation under the *Family Medical Leave Act*, 29 U.S.C. § 2601, et seq.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, PAULA J. NEATHERY, requests that Court award her the following relief:

(a) That the Defendant, MOULTRIE COUNTY, upon trial by jury, be adjudicated to have violated 29 U.S.C. § 794.

(b) That the Defendant, MOULTRIE COUNTY, upon trial by jury, be adjudicated to have violated 29 U.S. Code § 2601, *et seq.*

(c) That Plaintiff be awarded appropriate damages to compensate her for her economic damages, including but not limited to all back pay, front pay, all other benefits, and/or other appropriate relief to which she is entitled by virtue of Defendant's violations;

(d) That Plaintiff be awarded prejudgment interest on the above damages;

(e) That Plaintiff be awarded punitive damages in an appropriate amount and as allowed by law against the Defendant;

(f) That Plaintiff be awarded reasonable attorneys' fees, costs and litigation expenses incurred in this lawsuit, with interest thereon; and

(g) That Plaintiff be awarded any such other and further relief deemed just.

## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully Submitted,

PAULA J. NEATHERY, Plaintiff,

By: /s/ Nina R. Gougis
Attorney for Plaintiff

Nina R. Gougis
ARDC#6299894
ANGELA EVANS LAW
110 SW Jefferson Ave, #510
Peoria, IL 61602
(309) 839-8340 – Office
(309) 419-4525 – Fax
Email: Nina@angelaevanslaw.com